UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| AUTHENTICITY CO. LTD., <br><br> Plaintiff, <br><br> vs. <br><br> STEPHEN EWING, AN INDIVIDUAL; EWING DE REUS, LLC, JOHN DOES 1-10, JANE DOES 1-10, DOE PARTNERSHIPS 1-10, DOE CORPORATIONS 1-10, DOE GOVERNMENTAL ENTITIES 1-10, <br><br> Defendants. | CIV. NO. 24-00127 LEK-WRP |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' PRE-ANSWER MOTION TO DISMISS AND/OR STAY
FIRST AMENDED COMPLAINT FILED ON AUGUST 13, 2024 [DKT 12]**

Before the Court is Defendants Stephen Ewing ("Ewing")
and Ewing de Reus LLC's ("Ewing LLC" and collectively
Defendants") "Pre-Answer Motion to Dismiss and/or Stay First
Amended Complaint Filed on August 13, 2024 [Dkt. 12]"
("Motion"), filed on January 16, 2025. [Dkt. no. 34.] On
February 6, 2025, Plaintiff Authenticity Co. Ltd., formerly
known as EKYT Co., Ltd. ("Plaintiff") filed its memorandum in
opposition. [Dkt. no. 39.] Defendants filed a reply on
February 13, 2025. [Dkt. no. 41.] This matter came for hearing
on March 21, 2025. For the reasons set forth below, the Motion
is hereby granted in part and denied in part insofar as the case
is stayed.

## BACKGROUND

The instant case concerns a dispute arising from construction contracts relating to the remodeling, refurbishing and construction of a property on the South Kohala Coast of Hawai`i Island ("the Project"). [First Amended Complaint, filed 8/13/24 (dkt. no. 12), at ¶¶ 7, 10.] Plaintiff alleges that Defendants and John Does 1-10, Jane Does 1-10, Doe Partnerships 1-10, Doe Corporations 1-10; and Doe Governmental Entities 1-10 ("Doe Defendants") and Plaintiff entered into an initial design and construction contract on January 12, 2020 ("2020 Design Build Contract"). [Id. at ¶ 10.] Under the 2020 Design Build Contract, Ewing LLC agreed to substantially complete work by December 19, 2020 for $4,981,789. [Id. at ¶ 18.] Plaintiff alleges the 2020 Design Build Contract was amended three times: in January 2023, in May 2023 ("May 2023 Agreement"), and finally in August 2023 ("August 2023 Agreement"). [Id. at ¶¶ 14-16.] The May 2023 Agreement had a completion date of August 2023 for a maximum price of $25 million, and a total design fee of $1. [Id. at ¶¶ 22-23.] The August 2023 Agreement provided for a completion date of October 15, 2023 with no increase in the cost of construction or the design fee. [Id. at ¶ 24.]

Plaintiff alleges that, on three different occasions, Ewing on behalf of Ewing LLC told Plaintiff an additional $1 million was required to complete the Project, for a total of an

2

additional $3 million. [Id. at ¶ 25.] Plaintiff alleges it paid the additional $3 million because it believed Ewing was in a partnership with de Reus Architects, a larger company. [Id. at ¶ 26.]

Plaintiff alleges that, during the process of securing the 2020 Design Build Contract, Ewing stated he was a partner of de Reus Architects and repeatedly referred to a book describing de Reus Architect's projects. [Id. at ¶ 36.] While the Project was ongoing, Ewing repeatedly represented to Plaintiff that Ewing LLC was a partnership between Ewing and architect Mark de Reus, the principal of de Reus Architects, which Ewing knew was false. [Id. at ¶ 40.] Plaintiff alleges on information and belief that Ewing's relationship with de Reus Architects ended during Defendants' work on the Project, and Ewing never informed Plaintiff. [Id. at ¶ 37.] Plaintiff alleges that Ewing's disassociation with de Reus Architects "would have made a significant difference to Plaintiff's willingness to enter into amendments" to the 2020 Design Build Contract, and to continue to have Ewing and Ewing LLC in charge of the Project. [Id. at ¶ 38.] Plaintiff also represented he was an architect licensed in Hawai`i, which is false. [Id. at ¶ 39.]

Plaintiff alleges: Defendants did not complete the Project by October 15, 2023. [Id. at ¶ 27.] On October 19, 2023, Ewing on behalf of Ewing LLC terminated all work on the Project

via a letter. [Id. at ¶ 29.] Plaintiff attempted to contact
Ewing and/or Ewing LLC to resume work, and Ewing refused and/or
avoided contact. Ewing LLC did not return to work on the
Project. [Id. at ¶¶ 31-32.]

Plaintiff alleges that, while the Project was ongoing,
Ewing represented that the funds Plaintiff paid for the Project
were being used to purchase materials, pay subcontractors, and
pay Ewing LLC employees and overhead. [Id. at ¶ 41.] However,
Plaintiff subsequently determined that Ewing LLC did not pay its
workers, had not used Plaintiff's funds to pay subcontractors or
materialmen, and had not maintained payments to storage units
holding furniture and materials for installation. [Id. at ¶ 33.]
Accordingly, Plaintiff paid the amounts due to subcontractors
and secured the property and stored materials during the last
three months of 2023, which cost approximately $1.4 million.
[Id. at ¶¶ 34-35.] Plaintiff alleges these costs continue to
mount, [id. at ¶ 35,] and upon information and belief, Ewing
took several million dollars that Plaintiff paid for the Project
for Ewing's personal use or use on other work, [id. at ¶ 42].

Plaintiff alleges the following claims against
Defendants: breach of contract ("Count I"); fraud and
intentional misrepresentation ("Count II"); theft ("Count III");
negligent misrepresentation ("Count IV"); conversion ("Count V";

4

unjust enrichment ("Count VI"); and a claim seeking punitive damages ("Count VII"). [Id. at pgs. 9-21.]

Defendants argue the case must be dismissed or stayed because Plaintiff failed to satisfy a condition precedent - mediation – prior to filing the lawsuit. [Motion, Mem. in Supp. at 2-5.] In the alternative, Defendants argue all parties are subject to arbitration, and a stay or dismissal is warranted on this basis. [Id. at 5-10.] Defendants bring the Motion pursuant to Federal Rules of Civil Procedure 12(b)(6). See id. at 5, 10.

The parties have scheduled mediation for May 6, 2025. [Reply, Declaration of Dennis W. King ("King Decl.") at ¶ 5; id., Exh. 6 (emails, dated from 1/15/25 to 2/7/25, between Defendants' counsel and Plaintiff's counsel regarding mediation and other issues).]

## DISCUSSION

### I.    Incorporation by Reference

As a general rule, this Court's scope of review in considering a Rule 12(b)(6) motion to dismiss is limited to the allegations in the pleading. See Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 998 (9th Cir. 2018). If the district court considers materials beyond the pleadings, "the 12(b)(6) motion converts into a motion for summary judgment under [Federal Rule of Civil Procedure] 56," and "both parties must have the opportunity 'to present all the material that is pertinent to

the motion.'" Id. (citing and quoting Fed. R. Civ. P. 12(d)).

However, a district court can consider materials beyond the

pleadings without converting the motion to dismiss into a motion

for summary judgment if either the incorporation-by-reference

doctrine or judicial notice applies. Id.

> [I]ncorporation-by-reference is a judicially
> created doctrine that treats certain documents as
> though they are part of the complaint itself. The
> doctrine prevents plaintiffs from selecting only
> portions of documents that support their claims,
> while omitting portions of those very documents
> that weaken – or doom – their claims. Parrino v.
> FHP, Inc., 146 F.3d 699, 706 (9th Cir. 1998),
> *superseded by statute on other grounds as*
> *recognized in* Abrego v. Dow Chem. Co., 443 F.3d
> 676, 681–82 (9th Cir. 2006) (observing "the
> policy concern underlying the rule: Preventing
> plaintiffs from surviving a Rule 12(b)(6) motion
> by deliberately omitting references to documents
> upon which their claims are based").
>
> Although the doctrine is straightforward in
> its purpose, it is not always easy to apply. In
> [United States v.] Ritchie, we said that a
> defendant may seek to incorporate a document into
> the complaint "if the plaintiff refers
> extensively to the document or the document forms
> the basis of the plaintiff's claim." Ritchie, 342
> F.3d [903,] 907 [(9th. Cir. 2003)]. . . .

Id. at 1002.

The 2020 Design Build Contract referred to in the

First Amended Complaint is AIA Doc. A104. Compare First Amended

Complaint at ¶¶ 10-11, 13 with Motion, Declaration of Stephen

Ewing ("Ewing Decl."), Exh. 2 (2020 Design Build Contract). This

document forms the basis for relief for some of the claims, and

is referred to extensively in the First Amended Complaint. See, e.g., First Amended Complaint at ¶¶ 10-11, 13, 17-18, 44, 46. Accordingly, AIA Doc. A104 - the 2020 Design Build Contract - is incorporated by reference.

Plaintiff attaches an agreement entered into by Plaintiff and Ewing LLC/Ewing on May 8, 2023, as an exhibit to their memorandum in opposition. [Mem. in Opp., Declaration of Randall K. Schmitt, Exh. A (May 2023 Agreement).] The subsequent amendments to the 2020 Design Build Contract are also referred to extensively in the First Amended Complaint. See First Amended Complaint at ¶¶ 14-16, 24, 28, 44. Accordingly, the May 2023 Agreement is incorporated by reference because it, together with the 2020 Design Build Contract, forms the basis for some of Plaintiff's claims.

The Proposal and Agreement for Design Build Services, signed by Hideki Tomita ("Tomita) on December 10, 2019 ("2019 Design Build Agreement"), and attached as Exhibit 1 to the Motion, is not mentioned in the First Amended Complaint. See Motion, Ewing Decl., Exh. 1 (2019 Design Build Agreement). This contract is between Tomita and Ewing. [Id. at 1, 12-13.] The 2019 Design Build Agreement concerns securing Ewing's services related to the Project. See id. at 1-5. However, there is no indication in the First Amended Complaint how Tomita is related to Plaintiff. Tomita is not a party to the instant case. While

7

Defendants argue that Plaintiff failed to satisfy the condition precedent in the 2019 Design Build Agreement, they do not specify how this contract would apply to Plaintiff, which is a distinct legal entity from Tomita. See Motion, Mem. in Supp. at 2. The only explanation of Tomita's relation to the instant case is in the Declaration of Stephen Ewing, attached to the Motion, which states that Tomita is the owner of Plaintiff. See Motion, Ewing Decl. at ¶ 4. Without more, this statement is not admissible evidence. See Federal Rule of Evidence 801. Accordingly, the 2019 Design Build Agreement is not incorporated by reference, and the Court declines to consider the document in analyzing the instant Motion pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II.  **Dismissal or Stay of Litigation**

Defendants argue that the case must be dismissed because Plaintiff failed to satisfy a condition precedent – mediation - prior to filing suit, as required by the 2020 Design Build Contract and the 2019 Design Build Agreement. [Motion, Mem. in Supp. at 2-5.] Defendants also argue in the Motion that Ewing is subject to the arbitration provision in the 2020 Design Build Contract, see Motion, Mem. in Supp. at 9-10, but in their Reply, Defendants clarify that they primarily brought the Motion to argue that the failure to satisfy mediation as a condition precedent warrants dismissal, see Reply at 1, 8, 10.

The 2020 Design Build Contract was entered into between Plaintiff and Ewing LLC. Regarding dispute resolution, it provides in relevant part:

> Claims, disputes, and other matters in question arising out of or relating to this Contract, including those alleging an error or omission by the Architect but excluding those arising under Section 16.2, shall be referred initially to the Architect for decision. Such matters, except those waived as provided for in Section 21.11 and Sections 15.7.3 and 15.7.4, shall, after initial decision by the Architect or 30 days after submission of the matter to the Architect, **be subject to mediation as a condition precedent to binding dispute resolution.**

[Ewing Decl., Exh. 2 (2020 Design Build Contract) at § 21.1 (emphasis added).] Section 5.1 of the 2020 Design Build Contract provides that: "[f]or any claim subject to, but not resolved by, mediation pursuant to Section 21.5, the method of binding dispute resolution shall be" arbitration pursuant to Section 21.6 of the contract.[1]

---

[1] Section 21.6 of the 2020 Design Build Agreement provides:

> If the parties have selected arbitration as the method for binding dispute resolution in this Agreement, any claim, subject to, but not resolved by, mediation shall be subject to arbitration, which, unless the parties mutually agree otherwise, shall be administered by the American Arbitration Association, in accordance with the Construction Industry Arbitration Rules in effect on the date of this Agreement. Demand for arbitration shall be made in writing, delivered to the other party to the Contract, and filed with the person or entity administering the

(. . . continued)

9

Section 21.5 provides:

> The parties **shall endeavor to resolve their
> disputes by mediation which**, unless the parties
> mutually agree otherwise, shall be administered
> by the American Arbitration Association in
> accordance with their Construction Industry
> Mediation Procedures in effect on the date of
> this Agreement. A request for mediation shall be
> made in writing, delivered to the other party to
> this Agreement, and filed with the person or
> entity administering the mediation. **The request
> may be made concurrently with the binding dispute
> resolution** but, in such event, **mediation shall
> proceed in advance of binding dispute resolution
> proceedings, which shall be stayed pending
> mediation for a period of 60 days from the date
> of filing, unless stayed for a longer period by
> agreement of the parties or court order**. If an
> arbitration is stayed pursuant to this Section,
> the parties may nonetheless proceed to the
> selection of the arbitrator(s) and agree upon a
> schedule for later proceedings.

[Emphases added.]

A plain reading of the 2020 Design Build Contract
makes clear that mediation is not a condition precedent to
filing suit. Instead, the 2020 Design Build Contract selects
arbitration as the appropriate means of binding dispute
resolution, and the parties agreed to attempt mediation prior to
arbitration. See Ewing Decl., Exh. 2 (2020 Design Build

---

arbitration. The award rendered by the arbitrator
or arbitrators shall be final, and judgment may
be entered upon it in accordance with applicable
law in any court having jurisdiction thereof.

Contract) at §§ 21.1, 21.5, 5.1. The 2020 Design Build Contract
makes no mention of litigation.[2]

At the hearing, the parties represented that mediation
is scheduled to proceed in May 2025, and arbitration will occur
if the mediation is unsuccessful. In its briefing, Plaintiff
also noted that it is not opposed to arbitration, and that it
"is amenable to alternative dispute resolution and is hopeful
that this action may be resolved through out-of-court means."
Mem. in Opp. at 8; see also id. at 1. Based on the parties'
representations, the Court stays the case pending either a
successful mediation and settlement, or pending the outcome of
arbitration. The Court directs the parties to file a notice
within thirty days after a settlement is reached in mediation,
or within thirty days after an arbitration award is entered.

Insofar as Plaintiff requests that Defendants be
required to answer the First Amended Complaint before the case
is stayed, the Court declines to impose this requirement. See
Mem. in Opp. at 7. Plaintiffs cite no legal authority supporting
this argument. Further, to the extent that this request is
driven by concerns that Defendants will be difficult to locate,
this argument has no weight. Defendants' counsel has been

---

[2] Because the Court concludes mediation is not a condition
precedent to filing suit, the Court declines to consider
Plaintiff's argument regarding waiver of mediation. See Mem. in
Opp. at 7-8.

authorized to receive service on Defendants' behalf. See King
Decl. at ¶ 5; id., Exh. 6 at PageID.481 (email dated 2/7/25 from
Defendants' counsel to Plaintiff's counsel stating Defendants
have authorized counsel to accept service of an arbitration
complaint).

**CONCLUSION**

On the basis of the foregoing, Defendants' "Pre-Answer
Motion to Dismiss and/or Stay First Amended Complaint Filed on
August 13, 2024 [Dkt. 12]," filed January 16, 2025, is GRANTED
IN PART AND DENIED IN PART. The Motion is GRANTED insofar as the
case is STAYED. The Motion is DENIED in all other respects. The
Court DIRECTS the parties to file a notice within thirty days
after a settlement is reached in mediation, or within thirty
days after an arbitration award is entered.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, April 28, 2025.



/s/ Leslie E. Kobayashi
_____
Leslie E. Kobayashi
Senior U.S. District Judge

AUTHENTICITY CO. LTD. VS. STEPHEN EWING, ET AL.; CV 24-00127
LEK-WRP; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'
PRE-ANSWER MOTION TO DISMISS AND/OR STAY FIRST AMENDED COMPLAINT
FILED ON AUGUST 13, 2024 [DKT 12]